THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS MANUEL FEBRES MELÉNDEZ, Defendant and Appellant.

No. CR-66-181.     Decided June 2, 1967.

*E. Armstrong Watlington* and *Edna Abruña Rodríguez* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Ida Cardona Hernández, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted of a violation of the Narcotics Act consisting in having in his possession the narcotic drug heroin.

He assigns as the only error the following: "the evidence of The People is insufficient to support a conviction."

The evidence of The People consisted of the testimony of two police officers and that of the chemist who examined the heroin. The evidence shows that the police officers, Ricardo Hernández and Alfredo Cruz, while they were walking along Gaviota Street of Santurce, saw appellant and another person in the following circumstances: Appellant held a cap in his hands while the other extracted from the cap a liquid with a dropper which had a needle. When they were caught appellant threw the cap into the swamp and the other indi-

vidual let the dropper and needle fall. Policeman Hernández picked up the dropper, which contained a liquid, which liquid when analyzed was found to contain heroin.

■■ As it is known, § 29 of the Narcotics Act, 24 L.P.R.A. § 974z, forbids "the holding, possession, conveyance, use, application, prescription, manufacture, preparation, or any transfer or receipt, as well as the introduction, concealing, and transportation in Puerto Rico" of certain drugs set forth in said section, one of these being heroin. As we have already held, the illegal possession of the drug does not cease to be so—that is, it constitutes a public offense—even though such illegal possession be temporary or brief. *People* v. *Pellot Pérez*, 92 P.R.R. 792 (1965); *People* v. *Morales Soler, ante,* p. 366. In this case there was illegal possession and the evidence was sufficient. Besides, we can add that the circumstances of this case—preparation of the drug in liquid form, dropper with needle, and appellant's attempt to make the evidence disappear—clearly show that not only was there illegal possession of the drug but also that it was to be utilized for its illegal use or application.

The circumstances of the case and also the quantity of the drug seized distinguish this case from the circumstances of *People* v. *Márquez Estrada,* 93 P.R.R. 790 (1966), in which, although traces of the drug were found in a smoked cap which appellant carried in his pocket, no drug whatsoever was found in the dropper and that found in the cap was not susceptible of use. In this case, as we have indicated, the drug seized was susceptible of use as a narcotic and everything shows that in effect it was to be used at that moment in that illegal manner.

The error assigned was not committed. The judgment appealed from will be affirmed.